## IN RE LOUIS W. POPOVICH.

Hudson County Court
Law Division

Decided January 4, 1957.

*Mr. Frederick T. Law,* County Prosecutor, attorney for the State (*Mr. Frank J. V. Gimino,* Assistant County Prosecutor, of counsel).

*Mr. Robert Scherling,* attorney for petitioner (*Mr. W. Henry Lindenauer* and *Mr. John M. McGillicuddy,* of the New York Bar, of counsel).

DREWEN, J. C. C.  On September 6, 1935 petitioner entered a plea of guilty in the then Hudson County Court of Quarter Sessions to each of the nine indictments hereinabove enumerated, each indictment charging him with the crime of robbery.  He was thereupon sentenced by Hon. Thomas F. Meaney, judge of the said court, to be imprisoned in the New Jersey State Prison at Trenton, New Jersey, for not less than three years nor more than five years under each indictment, all of the sentences to run concurrently.

Upon the expiration of petitioner's minimum term of sentence, that is, on October 25, 1937, he was, by the pardoning and parole authorities of this State, released from further imprisonment therein.  The petition further shows that thereafter, on April 10, 1942, petitioner was sentenced (the crime not being stated in the petition) in the County of Queens, State of New York, to a term of imprisonment of not less than 10 years nor more than 20 years, said sentence having been pronounced on each of two indictments against him, the sentences to run concurrently.  Petitioner asserts that he is presently incarcerated in the New York State Prison at Dannemora, New York, where he is undergoing service of the concurrent sentence pronounced upon him as above stated.

The prayer of the petition is directed to the validity of the whole and every part of the sentences pronounced in

1935 against petitioner in the former Hudson County Court of Quarter Sessions, and to the pleas of guilty upon which such sentences were based. More particularly he prays "that an order be made and entered herein granting a hearing, and for a further order directing the appearance of your petitioner at such a hearing, and your petitioner further prays that after such hearing the plea of guilty and the sentence heretofore entered be vacated, and that your petitioner be rearraigned." The grounds upon which the relief is sought are that petitioner was at the time of his entry of the said pleas of guilty without the advice of counsel and denied representation by counsel; that he was not informed of his constitutional right to counsel, and that his said pleas were the result of threats and coercion exerted upon him by the person officially in charge of the prosecution of the said indictments.

From the negative results of research it would appear that we are dealing with a novel case. It is first to be observed that the New Jersey sentences were pronounced over 21 years ago; that service of the imprisonment thereunder terminated over 19 years ago; that petitioner's present sentence was imposed, and his grievance thereunder had its inception, nearly 15 years ago; that for all that appears petitioner has at no time since his liberation in New Jersey been within this State, in custody or otherwise, and that he has not been, during that interval and is not now, subject or amenable to the penal or judicial processes of this State or of any subdivision thereof. Where there is current and continued endurance of the imprisonment whose questioned legality is the subject of the relief sought, that is to say in *habeas corpus* cases, the matter of delay presents an entirely different question from that presented here. The *habeas corpus* precedents cited in the briefs have no bearing on what I deem to be the determinant questions. Moreover, there is affidavit proof before me that in his petition for parole from the New Jersey State Prison petitioner attested that the New Jersey convictions and sentences *sub judice* were in all respects legal.

By anything like analogy to the theory of limitation in comparable or cognate matters on the criminal side—save only in *habeas corpus* proceedings of the kind already indicated—this petitioner is out of time. Judicial discretion, to say nothing of public policy, must project a salutary precept designed to prevent one in petitioner's position from allowing time to elapse sufficient for the loss or destruction of records, or the passing or absence of witnesses, so as to make it difficult or impossible for the sovereign respondent to combat belated averments that are aimed at rendering invalid its long-standing judgments of conviction and punishment.

Moreover, there is nothing in the facts before me but what leaves the submitted questions entirely moot. It appears from the petition respecting the imprisonment presently being served that "* * * this sentence was imposed upon me as a second felony offender by virtue of the fact that prior to the passing of sentence the District Attorney of Queens County filed an information against me charging the commission of a previous felony, to wit: the conviction had against me in the State of New Jersey on September 6, 1935, which conviction is the subject matter of the instant petition * * * that had I appeared before the Court in the State of New York as a first felony offender the sentence which would have been imposed upon me would have been considerably less, and I would not now be confined and serving time under such a sentence."

First, as to the efficacy of the New Jersey convictions in giving petitioner in the sentence now being served by him the status of a second offender. It is to be noted that incontrovertibly in the case before me is the fact that well prior to the New Jersey convictions petitioner had been convicted a number of times in the Court of General Sessions of the County and State of New York and sentenced to imprisonment therefor. It is not made to appear, in view of this, how petitioner has been especially aggrieved, in connection with the sentence to his present imprisonment, by the convictions had against him in this State. It does

not appear to be material whether he was to be adjudged a second felony offender by virtue of the prior New Jersey convictions or by virtue of his prior New York convictions. Record of the New York convictions which are the basis of petitioner's instant sentence is not placed before us; the only reference thereto is in the passages of the petition hereinabove quoted.

█ I hardly need to add, with respect to the present sentence itself, that petitioner will not be heard to say, as in his petition he undertakes to do, what his sentence would or would not have been had the elements in the case against him in New York been different. This court can recognize in him no competence whatever in this regard. It will in fact take judicial notice that he is totally without such competence.

Finally, this court will not undertake to make any direction that petitioner be brought into this State for hearing or otherwise out of his present custody in the State of New York.

The petition is dismissed.